IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:23-CR-35-TAV-JEM |
| DANIELLE L. PRICE and | ) |
| LARRY O. WALKER, II, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Larry Walker's Motion to Continue Trial Date and Deadlines [Doc. 24], filed on April 12, 2023, and Defendant Danielle Price's Motion to Join Co-Defendant Motion to Continue [Doc. 30].

In his motion [Doc. 24], Defendant Walker asks the Court to continue the May 23, 2023 trial date and all associated deadlines. Counsel for Defendant Walker states that he needs additional time to further investigate the allegations in the Indictment, receive and review additional discovery from the United States, and further discuss the discovery with Defendant. Counsel avers that failing to grant the requested continuance would result in him being unable to provide effective assistance of counsel to his client, as required by the Sixth Amendment. Counsel relates that he has spoken with counsel for the Government, who does not oppose the requested continuance.

On April 14, 2023, the Court ordered Defendant Price to file a response to Defendant Walker's motion [Doc. 28], which she did on April 18, 2023 [Doc. 30]. In her motion, Defendant Price moves to join in Defendant Walker's motion and adopts the same grounds as outlined in his motion. In addition, counsel for Defendant Price avers that granting a continuance would provide the parties an opportunity to make a full resolution of the case against Defendant and serve the ends of justice in

that the need for additional time to properly prepare the case outweighs the best interests of the public and Defendant in a speedy trial. Finally, counsel relates that he has spoken with Defendant Price, who is detained pending trial, and that Defendant understands the period of time between the filing of the motions and a rescheduled trial date would be fully excludable for speedy trial purposes.

Based upon the information provided by Defendants in their motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel need additional time to review the discovery, including any discovery that may still remain outstanding,[1] investigate the matters contained in the Indictment, and confer with their clients—a task made more difficult by Defendant Walker's pretrial detention. The Court finds that all of this cannot be done by the May 23, 2023 trial date.

The Court therefore **GRANTS** Defendant Larry Walker's Motion to Continue Trial Date and Deadlines [**Doc. 24**] and Defendant Danielle Price's Motion to Join Co-Defendant Motion to Continue [**Doc. 30**]. The trial of this case is reset to **October 17, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the first motion on April 12, 2023, and the new trial date of October 17, 2023,

---

[1] On April 12, 2023, Defendant Walker filed a Motion for Entry of Order Directing the United States to Produce Discoverable Information [Doc. 25]. On April 14, 2023, the Court ordered counsel for the Government and Defendant Walker to conduct a Rule 16.1(a) discovery conference and confer about the items listed in Defendant's motion by April 28, 2023 [Doc. 29].

is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Larry Walker's Motion to Continue Trial Date and Deadlines [**Doc. 24**] and Defendant Danielle Price's Motion to Join Co-Defendant Motion to Continue [**Doc. 30**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **October 17, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the first motion on **April 12, 2023**, and the new trial date of **October 17, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **June 16, 2023**. Responses to motions are due on or before **June 30, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 15, 2023**;

(6) the deadline for filing motions *in limine* is **October 2, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **October 3, 2023, at 2:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 6, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge