IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-35-TAV-JEM |
| DANIELLE L. PRICE and LARRY O. WALKER, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Larry Walker's Motion to Continue Trial and All Related Dates [Doc. 97], filed on July 17, 2024.

Defendant asks the Court to continue the trial currently set for August 13. In support of his motion, he asserts that he has met with defense counsel on three occasions and expressed "serious concerns about actions taken and not taken by his former lawyers" [*Id.* at 1]. Defendant's current counsel believes there is merit in some of these concerns and has discussed with Defendant motions addressing some of those issues. But defense counsel's progress has been delayed by an illness in mid-June as well as injuries he incurred to his hands, feet, and body near the end of June that left him unable to type, write, or walk. The Court is informed that Defendant understands the need to continue his trial and that the time will be excludable for speedy trial calculations. Finally, defense counsel has spoken with counsel for Codefendant Danielle Price and for the Government and does not believe either have any objection to the continuance. Defense counsel for Codefendant Price confirmed with Chambers via email that Defendant Price understands her right

to a speedy trial and agrees to the requested continuance. Similarly, counsel for the Government confirmed that he does not have an objection to the requested continuance.

Based upon the information provided by Defendant Walker in his motion and the lack of opposition by the Government and Codefendant Price, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, considering the information presented in Defendant Walker's motion, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant Walker the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to review discovery and otherwise prepare for trial. The Court finds that all of this cannot occur before the August 13, 2024 trial date.

The Court therefore **GRANTS** Defendant Larry Walker's Motion to Continue Trial and All Related Dates [**Doc. 97**].[1] The trial of this case is reset to **January 14, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on July 17, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Larry Walker's Motion to Continue Trial and All Related Dates [**Doc. 97**] is **GRANTED**;

---

[1] The deadline for filing pretrial motions in this case expired on June 30, 2023 [Doc. 51]. At this time, Defendant has not set forth good cause for reopening the deadline.

2

Case 3:23-cr-00035-TAV-JEM   Document 100   Filed 07/24/24   Page 2 of 3   PageID #: 393

(2) the trial of this matter is reset to commence on **January 14, 2025, at 9:00 a.m.**, before the Honorable Thomas A Varlan, United States District Judge;

(3) all time between the filing of the initial motion on **July 17, 2024**, and the new trial date of **January 14, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 13, 2024**;

(5) the deadline for filing motions *in limine* is **December 30, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **January 3, 2025, at 10:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 7, 2025.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge