IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,     )
    )
    Plaintiff,     )
    )
v.     )     No. 3:23-CR-35-TAV-JEM
    )
DANIELLE PRICE and     )
LARRY O. WALKER, II,     )
    )
    Defendants.     )

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Danielle Price's Motion to Reopen Suppression Hearing and Franks Issues Based Upon Newly Provided Evidence [Doc. 117] and Defendant Larry Walker's Motion to Adopt [Doc. 126] this motion. *See* 28 U.S.C. § 636(b). Defendant Price asks the Court to reopen the August 9, 2023 suppression hearing and to conduct a *Franks* hearing because video footage from a law enforcement body camera and an in-car camera disclosed by the Government on January 31, 2025, demonstrates that statements in the affidavit supporting the search warrant are false [Doc. 117]. Defendant Walker contends that Defendant Price's request also applies to him [Doc. 126 p. 1]. The Government responds in opposition, arguing that the video does not contradict evidence in the affidavit necessary to probable cause [Doc. 121 pp. 6–7].

The undersigned finds Defendants' request to open the suppression hearing is well taken and that a *Franks* hearing is warranted. Accordingly, the Court **GRANTS** the motion.

I.     **BACKGROUND**

The Indictment charges Defendants Price and Walker with conspiring to distribute fifty grams of methamphetamine and forty grams of fentanyl (Count One) [Doc. 11 p. 1]. Both

Defendants are also charged with possession of methamphetamine and fentanyl with intent to distribute (Count Two) and possession of firearms in furtherance of drug trafficking (Count Three) [*Id*. at 1–2]. Defendant Walker is further charged with being a felon in possession of a firearm (Count Four) [*Id*. at 2].

On April 27, 2023, Defendant Price, who at that time was represented by Assistant Federal Defender Benjamin Sharp, moved to suppress ("the suppression motion") evidence seized from her residence pursuant to a search warrant [Doc. 36]. Defendant Price argued that the affidavit of Knox County Sheriff's Department ("KCSD") Detective Jeff Neely failed to provide probable cause for a search warrant because it does not demonstrate a nexus between the residence and criminal activity [*Id*. at 3–5]. On June 16, 2023, Defendant Walker, at that time represented by Attorney Gerald Gulley, moved to adopt Defendant Price's suppression motion [Doc. 49]. On June 30, 2025, Defendant Walker filed a Motion for Determination of Validity of Search Warrant Based on *Franks v. Delaware* ("the *Franks* motion"), arguing that Detective Neely's affidavit contains false statements and material omissions that impact probable cause [Doc. 52 pp. 3–4]. Defendant Price subsequently made an oral motion to join in Defendant Walker's *Franks* motion [Doc. 55 p. 4 (Transcript of Aug. 9, 2023 Suppression Hearing)].

The parties appeared before the undersigned on August 9, 2023, for a motion hearing on Defendant Price's suppression motion, Defendant Walker's *Franks* motion, and each Defendant's motion to join in the other's suppression motion [*See* Doc. 53, Minutes]. The Court heard the parties' arguments, permitted the Government to file a late response to the *Franks* motion and a late exhibit,[1] and allowed post-hearing briefs [*See* Docs. 56, 59 & 60].

---

[1]    Defendant Price alleges that "[n]o witnesses were called, and no evidence presented" at the August 9, 2023 suppression hearing [Doc. 117 p. 1]. This is true in part. The undersigned considered the following exhibits, which were attached to the parties' filings: the search warrant

2

On October 3, 2023, the undersigned entered a Report and Recommendation recommending denial of the suppression and *Franks* motions [Doc. 66]. As to the *Franks* issue, Defendants alleged one false statement—that Defendant Walker rented vehicles from Avis in Knoxville[2]—and two material omissions: the affidavit provides no information on the reliability of the confidential informants and gives no information that police surveillance resulted in observations connecting Defendants with the purported drug transactions on February 28, 2023, or on March 7, 2023 [*Id.* at 13]. The undersigned found:

1. that both Defendants Price and Walker have standing to challenge the search of the residence;

2. that Detective Neely's affidavit provides probable cause to search the residence because it demonstrates a nexus between the residence and drug trafficking;

3. that there is no evidence that Detective Neely intentionally or recklessly included a false statement in the affidavit or made an omission that is material to probable cause; and

4. that law enforcement searched the residence in good faith reliance on the search warrant.

[*Id.* at 20]. On December 4, 2023, following the parties' objections and response [Docs. 67, 68 & 69], the District Judge denied the suppression and *Franks* motions and adopted the Report and Recommendation in whole [Doc. 70 pp. 2, 29].

---

affidavit [Doc. 36-1; Doc. 52-1], rental records from Avis [Doc. 52-2], and a spreadsheet of vehicle rental information [Doc. 54-1 (Government's late-filed exhibit)]. The parties presented no testimony at the hearing [Doc. 55 p. 4].

[2]     Defendant Price alleges that "the Government conceded and the Court found there were misstatements in the affidavit" [Doc. 117 p. 2]. The Government acknowledged that the statement that Defendant Walker rented vehicles *in Knoxville* was false, but this concession extended only to the location of rental, not the fact that Defendant Walker rented vehicles from Avis, nor that vehicles rented by Defendant Walker were parked at the residence [Doc. 66 pp. 14–15]. The undersigned found the fact that Defendant Walker rented vehicles in Michigan, rather than in Knoxville, was not material to probable cause [*Id.* at 16].

3

On January 26, 2024, Defendant Walker filed a pro se motion for new counsel and an interlocutory appeal of the suppression ruling [Doc. 74]. Defendant Walker's interlocutory appeal was dismissed for lack of appellate jurisdiction [Docs. 80–81]. On March 6, 2024, the undersigned substituted Attorney Nathaniel Evans as counsel for Defendant Walker [Doc. 84]. On May 16, 2024, the undersigned substituted Attorney Mike Whalen as counsel for Defendant Walker [Doc. 95]. On September 11, 2024, Defendant Walker moved the Court to reopen the suppression and *Franks* motions because he was required to proceed at the suppression hearing with counsel whom he did not trust [Doc. 103 p. 4; *see* Doc. 104 (amended motion)]. The undersigned denied Defendant Walker's request to reopen the suppression hearing, finding it "untimely, unsupported by law or fact, and prejudicial to the prompt administration of justice" [Doc. 108 pp. 6–7]. Defendant Walker filed an Objection to Report and Recommendation that Defendant Larry Walker's Motion to Reopen His Motion to Suppress and for *Franks* Hearing Be Denied [Doc. 112], which remains pending.

On November 14, 2024, the undersigned substituted current counsel Attorney Michael Menefee to represent Defendant Price [Doc. 111]. On February 13, 2025, Defendant Price filed the Motion to Reopen presently before the undersigned [Doc. 117]. Defendant Price alleges that on January 31, 2025, the Government provided video footage from a body camera and an in-car camera depicting "the events immediately preceding the search warrant" [*Id*. at 2]. She maintains that the newly disclosed video footage reveals several statements in the search warrant affidavit are false: that a female driver, whom officers stopped on the morning of the execution of the search warrant, admitted to purchasing heroin from Kenneth Roberts; that before the arrival of a K-9 unit, the female driver admitted that heroin was in the vehicle; and that officers observed the female driver "performing actions in her lap that are consistent with prepping narcotics for use" and

4

"found that the female was preparing lines of [h]eroin on her phone screen for snorting" [*Id*. at 3–4]. Defendant Price argues that the affiant included these statements in the affidavit knowingly, intentionally, or with reckless disregard for the truth, and for the purpose of misleading the issuing judge [*Id*. at 4]. She contends that these false statements were necessary to probable cause as both evidence of drug trafficking and corroborating the reliability of the confidential source [*Id*.]. Defendant Price maintains that these statements, when combined with the misrepresentation and omissions exposed at the initial hearing require the Court to conduct a *Franks* hearing [*Id*.].

The Government responded in opposition to reopening the suppression hearing [Doc. 121 p. 1]. It concedes that one of the statements—that the female admitted that heroin was in the vehicle before the K-9 arrived—"appears to be false" [*Id*. at 2]. Despite this concession, the Government asserts the Court should deny the motion to reopen because the affiant did not knowingly or recklessly include this statement in the affidavit and the statement is not necessary to probable cause [*Id*.]. It states that new defense counsel requested that it seek video footage of the stop of a female described in the affidavit [*Id*. at 3]. According to the Government, pursuant to this inquiry, the Knoxville Police Department ("KPD") provided previously unknown body camera footage to the Government, which disclosed it to Defendant Price in February 2025 [*Id*.]. The Government filed the video footage as an exhibit to its motion [*Id*. at 3 n.2]. The Government contends it is unnecessary to relitigate the existence of probable cause for the search warrant because the single false statement is not necessary to probable cause [*Id*. at 7].

Defendant Price replies that the conceded false statement (that the female admitted to heroin in the vehicle before the K-9's arrival) "alone may or may not have affected the issuing court's probable cause determination" [Doc. 123 p. 3]. Defendant contends, however, that the combined misstatements in the affidavit "certainly . . . affect[ed]" the issuing judge and are

necessary to probable cause [*Id.*]. Defendant Price argues that the video recording reveals that the affiant's statement that the female identified Kenneth Roberts as her heroin supplier is false and material [*Id.* at 3–4]. According to Defendant Price, the body camera footage shows that the female admits purchasing heroin daily from two brothers, "C" and "George," and never implicates Kenneth Rogers, Defendant Walker, or herself [*Id.* at 4]. She contends that the statement that officers observed the female performing actions on her lap consistent with preparing narcotics for use and that the female was preparing lines of heroin on her cell phone screen for snorting are also false [*Id.* at 5]. Defendant Price maintains that these false statements were not considered by this Court because the body camera footage was not disclosed until eighteen months after the suppression hearing [*Id.*]. She asks the Court to reopen the suppression hearing, to reconsider the issues alleged in the suppression and *Franks* motions, and ultimately to suppress the evidence seized from the search of the residence [*Id.*].

On February 25, 2025, the undersigned substituted Attorney Christopher Rodgers as counsel for Defendant Walker [Doc. 120]. On March 18, 2025, Defendant Walker moved to adopt Defendant Price's motion to reopen, stating that the grounds alleged in the motion also apply to him [Doc. 126 p. 1]. The Government did not respond to Defendant Walker's motion.

## II. ANALYSIS

Defendants ask to reopen the suppression hearing and for the Court to reconsider the suppression and *Franks* issues because recently disclosed body camera footage of the March 7, 2023 stop of a female who was found to have heroin show statements in the search warrant affidavit are false [Doc. 117 pp. 2–3; Doc. 123 pp. 3–5]. Defendants allege that the affiant knowingly or recklessly included the false statements because the video does not show that the female identified Kenneth Roberts as her supplier [Doc. 123 pp. 4–5]. They argue that the false

6

statements relating to the March 7, 2023 stop are material to probable cause, particularly when considered with the previously alleged misstatements from the *Franks* motion [Doc. 117 pp. 4–5; Doc. 123 p. 3]. Accordingly, Defendants ask to reopen the August 9, 2023 suppression hearing for a *Franks* hearing and to reconsider the denial of the suppression and *Franks* motions.

Upon review of the parties' filings, the in-car and body camera footage, and the relevant case law, the undersigned finds the suppression hearing should be reopened and a *Franks* hearing is warranted.

### A.    Reopening Suppression Hearing

The undersigned finds Defendants have stated a valid basis to reopen the dispositive motions. While the decision to reopen a suppression hearing is a matter within the Court's discretion, the Court "should be extremely reluctant to grant reopenings[.]" *United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016) (citation omitted). Relevant to the decision to reopen are "the timeliness of the motion, the character of the testimony[ not provided in the initial hearing], and the effect of the granting of the motion." *United States v. Blankenship*, 775 F.2d 735, 741 (6th Cir. 1985). "The most important consideration is whether the opposing party is prejudiced by reopening." *Id*.

The factors described in the caselaw support reopening. Defendant Price's motion to reopen was filed less than two weeks after counsel for Defendant Price received the video footage of the March 7, 2023 stop. Moreover, the belated filing of this motion was not due to any lack of diligence on the part of Defendants as the existence of the video footage was unknown to both the Government and defense counsel until late January of this year. The nature of the evidence shows that it is relevant. The video footage depicts information described in the affidavit for the search warrant and is relevant to a *Franks* motion, although not directly relevant to the statement and

7

omissions challenged in the original *Franks* motion. Finally, the Court finds that granting the request to reopen does not prejudice the parties because the new *Franks* issues can be litigated before the current trial date of September 30, 2025.

The Government's sole argument as to prejudice is that reopening is unwarranted because the ultimate result of another suppression hearing will be the same—that is, denial of the motions. As discussed below, however, the Defendants have made a prima facie showing required for a *Franks* hearing, and the "ultimate result" is not predetermined. Accordingly, the Defendants' request to reopen the suppression hearing and reconsider the *Franks* issues is granted.

### B. Franks Hearing

Defendants allege that they have met the prima facie showing required to have a *Franks* hearing. "In a *Franks* hearing, a court determines whether to suppress the fruits of an executed search warrant, where the warrant was the result of a false statement." *United States v. Crawford*, 943 F.3d 297, 309 (6th Cir. 2019) (citing *Franks*, 438 U.S. at 171). "A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). An affidavit supporting a search warrant is presumed to be valid. *Franks*, 438 U.S. at 171. To warrant a *Franks* hearing, a defendant "must make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" *Crawford*, 943 F.3d at 309 (quoting *Franks*, 438 U.S. at 171). "'The allegedly false statement,' moreover, must be 'necessary to the finding of probable cause.'" *Id*. (quoting *Franks*, 438 U.S. at 171).

Here, Defendants allege that the video footage of the March 7, 2023 stop show the following statements are false [Doc. 117 pp. 3–4]: (1) "The female driver did admit to purchasing Heroin from one of the targets of this Search Warrant, Kenneth Roberts" [Doc. 36-1 p. 5];

8

(2) "Before the K-9's arrival, the female did admit to Heroin being in the vehicle" [*id.*]; (3) "Investigators observed the female performing actions in her lap that are consistent with prepping narcotics for use" [*id.* at 4]; and (4) "Investigators also found that the female was preparing lines of Heroin on her phone screen for snorting" [*id.* at 5].

Regarding the first statement, Defendants contend that the video recording does not show that the female identified Kenneth Roberts as her supplier but, instead, mentioned two brothers, "C" and "George" [Doc. 123 p. 4]. The Government agrees [Doc. 121 p. 4] but asserts that the female identified Kenneth Roberts from the affiant's cell phone [*Id.* at 6]. A review of the video, however, shows that the female identified "George" when she looked at the cell phone, not Kenneth Roberts. As for the second statement, the Government acknowledges that the video footage shows the second statement is false because the female did not admit to having illegal drugs in her car until after the dog alert [Doc. 121 p. 6]. Regarding the third and fourth statements, which allegedly occurred at a McDonalds after the transaction but prior to the stop, Defendants state that the video shows that the female was leaning over the passenger's seat and not performing any actions on her lap [Doc. 117 p. 4]. They contend that the video shows that the officers confronted the female about preparing narcotics on her lap, the female denied it saying she was looking at her cell phone, and the officers stated that she did not have a phone on her lap [*Id.*]. The Court finds that Defendants have made a substantial preliminary showing that the affidavit included false statements.

The Government argues that no evidence shows the alleged false statements were deliberately or recklessly made, and specifically asserts that "[i]t is very possible that the affiant misunderstood the information being relayed to him from the interviewing officer or mistakenly believed that the driver had confessed prior to the K-9 alerting on the vehicle" [Doc. 121 p. 6]. But

9

the Government's summary of the video footage reveals that the affiant came to the scene of the March 7, 2023 stop and talked with the stopping officers and the female, and personally showed the female a picture of his cell phone for purposes of identification [*See* 121 p. 4 (Government's summary of the stop)]. Hence, at least with respect to the affiant's statement that the female identified Kenneth Roberts as her supplier when the affiant showed her a photo on his cell phone, it appears that the affiant made this statement either knowingly and intentionally, or with reckless disregard for the truth.

Finally, regarding the materiality of the statements, the information regarding the stop of the female on March 7, 2023, is the only verified drug transaction described in the affidavit. The affidavit contains no controlled buys. Nor does it contain information from confidential informants present during drug transactions or who observed drugs or other evidence of drug trafficking at the residence. The female's identification of her supplier is therefore material to the probable cause analysis.

For these reasons, the undersigned finds that Defendants have made a prima facie showing that a *Franks* hearing is warranted.[3]

## III.    CONCLUSION

The Court finds the Defendants have shown good cause to reopen the suppression hearing and have demonstrated that a *Franks* hearing is warranted. Accordingly, the Court **ORDERS** as follows:

> (1) Defendant Price's Motion to Reopen Suppression Hearing and Franks Issues Based Upon Newly Provided Evidence [**Doc. 117**] is **GRANTED**;

---

[3]    Under the particular circumstances and procedural history of this case, and upon review of the video, the Court finds that a hearing to determine whether a *Franks* hearing is warranted is not necessary.

10

(2) Defendant Walker's Motion to Adopt Co-defendant's Motion to Reopen Suppression Hearing and *Franks* Issues Based Upon Newly Provided Evidence [**Doc. 126**] is unopposed and **GRANTED**;[4]

(3) the Court will contact the parties to schedule a *Franks* hearing; and

(4) the scope of the *Franks* hearing is limited to the four alleged false statements in the Defendant's motion and their effect on probable cause in combination with the previously conceded false statement that Defendant Walker rented vehicles in Knoxville.[5]

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge

---

[4]     The Court has already found that Defendant Walker has standing to contest the search of the residence [Doc. 66 p. 20].

[5]     The Court will not relitigate the previously alleged but unsubstantiated omissions [Doc. 66 pp. 16–18].

11