# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CR-35-TAV-JEM |
| | ) | |
| DANIELLE L. PRICE, | ) | |
| and LARRY O. WALKER, II, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Larry Walker's Motion to Continue Trial and All Deadlines [Doc. 148] and Defendant Danielle Price's Response to Motion to Continue Filed by Co-Defendant [Doc. 149], both of which were filed on December 15, 2025.

Defendant Walker asks the Court to continue the trial and all deadlines and dates associated with the trial in this matter [Doc. 148 p. 1]. In support of his motion, Defendant asserts that because of the complexity of this case, his counsel requires more time to prepare and to represent his interest in negotiations properly [*Id.*]. Defendant's motion reflects that counsel for the Government does not object to a continuance [*Id.*]. Codefendant Price's Response to Motion to Continue Filed by Co-Defendant states she has no objection to Defendant Walker's requested continuance [Doc. 149 p. 1]. Defendant Price also asserts that more time is needed to respond to the Court's Report and Recommendation on Defendants' Motions to Suppress and for relief under *Franks v. Delaware* [*Id.*]. Counsel for both Defendant Walker and Defendant Price confirmed in their respective filings that the Defendants understand their rights to a Speedy Trial and that all time

between the filing of the motion to the new trial date is excludable under the Speedy Trial Act [Doc. 148 p. 1; Doc. 149 p. 1].

Based upon the information in Defendant Walker's motion and because neither the Government nor Defendant Price oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). The undersigned permitted Defendants to reopen the detention hearing and held a *Franks* hearing on June 4 and September 17, 2025 [Doc. 150 pp. 6–18]. The undersigned entered a Report and Recommendation on December 17, 2025 [*Id.*]. The parties need time to respond to the Report and Recommendation, and the District Judge needs time to rule on the motions in light of the Report and Recommendation and the parties' responses. *See id.* § 3161(h)(1)(D), -(H). After they receive a ruling, defense counsel need additional time to complete plea negotiations and to prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the January 20, 2026, trial date.

The Court therefore **GRANTS** Defendant Larry Walker's unopposed Motion to Continue Trial and All Deadlines [**Doc. 148**]. The trial date is reset to **May 19, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on December 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (1)(H), (7)(A)–(B).

2

Accordingly, it is **ORDERED** as follows:

(1) Defendant Larry Walker's Motion to Continue Trial and All Deadlines [**Doc. 148**] is **GRANTED**;

(2) the trial date is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 15, 2025**, and the new trial date of **May 19, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 20, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* are due on or before **May 12, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 5, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge