UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE L. PRICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:23-CR-35-TAV-JEM |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636(b) and Order of Referral [Doc. 191]. This case came before the undersigned on August 25, 2026, for a motion hearing on Defendant Danielle L. Price's Motion for Discovery Sanctions [Doc. 188]. Assistant United States Attorney Samuel Fitzpatrick appeared on behalf of the Government, along with AUSAs Cynthia Davidson and Jennifer Kolman. Attorney Michael Menefee represented Defendant Price.

Defendant moves the Court for sanctions against the Government for its failure to comply with the Court's Discovery Order and its production of voluminous discovery one week before trial [*Id.* at 1]. Defendant contends the late production of discovery material violates the Court's Order on Discovery and Scheduling and has caused significant prejudice to Defendant [*Id.*]. She asserts that counsel cannot reasonably review all newly-disclosed materials, investigate leads, identify exculpatory information, prepare motions challenging the evidence, or adequately cross-examine Government witnesses or revise trial strategies in time for the currently scheduled trial [*Id.* at 3]. Defendant requests dismissal as the appropriate remedy in this case, or, in the alternative, exclusion of the untimely-disclosed evidence, continuance of the trial date, and reopening the deadline for pretrial motions [*Id.* at 3–4].

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for discovery sanctions [**Doc. 188**].

## I. BACKGROUND

Defendant Price and her codefendant Larry Walker are charged by Superseding Indictment [Doc. 183]. The original Indictment charged Defendant Price with conspiring to distribute methamphetamine and fentanyl from September 1, 2022, through March 7, 2023 (Count One); possession of methamphetamine with intent to distribute (Count Two); and possession of firearms in furtherance of drug trafficking (Count Three), both on March 7, 2023 [Doc. 11]. On July 28, 2026, the Grand Jury returned a Superseding Indictment [Doc. 183-1]. It charges Defendant Price with conspiring to distribute methamphetamine, fentanyl, and marijuana from September 1, 2022, to March 7, 2023 (Count One); possession with intent to distribute methamphetamine and fentanyl (Count Two); and possession of firearms in furtherance of drug trafficking (Count Three), both on March 7, 2023 [Doc. 183-1].

Defendant Price and the Government generally agree about when the Government made its disclosures in this case [Doc. 188 p. 2; *see also* Doc. 194 p. 1]. The Government provided initial discovery on March 23, 2023 [Doc. 188 p. 2]. Defendant received supplemental discovery from the Government on May 11, 2023; January 30, 2025; July 22, 2026; July 23, 2026; July 27, 2026 (two disclosures); and July 28, 2026 (two disclosures). Additionally, Defendant Price stated at the hearing that her counsel received an additional supplemental discovery disclosure after the filing of her motion, on August 19, 2026.[1] On July 29, 2026, Defendant Price filed her motion for discovery sanctions [Doc. 188]. The Government responded in opposition [Doc. 195].

[1] At the hearing, Defendant asked the Court to consider this disclosure as part of her motion. Without objection by the Government, the Court said it would consider it as part of her motion.

Defendant's case was scheduled for trial on August 4, 2026 [Doc. 188 p. 2].[2] In her motion, Defendant states that the discovery produced in the week leading up to that trial date was voluminous and includes multiple body cam videos, four cellbrite phone dumps, and other documents and things not yet indexed by counsel [*Id.*]. Defendant contends that "it appears that the discovery has been in the possession of the Government since 2023" [*Id.*]. Defendant states she and her codefendant previously complained about the Government's failure to turn over relevant discovery in this case [*Id.*]. Defendant argues the Government's late disclosure resulted in substantial prejudice, and the appropriate remedy in this case is dismissal of the Superseding Indictment [*Id.* at 3].

In its response, the Government acknowledges that the facts in Defendant Price's motion are "largely true" [Doc. 195 p. 1]. But the Government contends the newly-provided cellphone data was not in the possession of the U.S. Attorney's Office; rather, it was in the possession of the Knox County Sheriff's Office ("KCSO") since 2023 [*Id.*]. The Government states that the U.S. Attorney's Office was told that no cell phone data existed, but that "information turned out not to be true," and when meeting with a KCSO technical analyst to prepare for trial, the Government learned that the KCSO detective did not know how to access the data, so he thought it did not exist [*Id.* at 2]. The bodycam footage was from the Knoxville Police Department but was "not voluminous" [*Id.*]. The Government argues this is an "unintentional mistake," and other than the cell phones, the supplemental discovery disclosures beginning on July 22, 2026, were very limited disclosures [*Id.*].

[2] Upon motion by Codefendant Walker given recently-produced discovery, the Court granted a continuance of the trial and rescheduled it to November 17, 2026 [*See* Doc. 190 p. 1 (explaining that "codefendant Danielle Price appears to join in the request to continue the trial based on new discovery")].

At the August 25, 2026 motion hearing, Defendant argued the Government failed in its obligations to judicial process in this matter and engaged in a pattern of withholding exculpatory evidence. She said the Government is responsible for law enforcement's failure to disclose, but she clarified that she does not allege bad faith on the part of the Government. As for prejudice to her, Defendant asserted that she did not have the information when she filed her motion to suppress and motion for a *Franks* hearing. Counsel represented that he had not identified exculpatory information in the late disclosures, but he did note that there is location data that does not show she was traveling back-and-forth to Michigan as the Government alleges. Defendant Price asked for dismissal given the facts of this case, and alternatively to exclude any late-provided evidence.

The Government rejected the assertion of a pattern of withholding evidence in this case. It argued that Defendant Price's requested remedy of dismissal is inappropriate and that the Court should impose the least severe remedy to cure the discovery issues in this case. The Government asserted that the continuance already granted remedies any prejudice, so more severe sanctions are not warranted. Also, the Government agreed to reopen the pretrial motions deadline if there is material that was disclosed late that would have been useful to previously-litigated motions, although it surmised that would not be the case. It also confirmed that the Government would be using some of the late-disclosed information in its case-in-chief at trial.

Defendant Price agreed that reopening the pretrial motion period is a remedy the Court can consider, although she maintained that she suffers the incurable prejudice of not being able to present her motions for the first time with the benefit of all of the discovery. Defendant Price requested, however, at least a month to review the newly-disclosed discovery and determine whether she should file any motions if the Court was to reopen the pretrial motion deadline.

## II. ANALYSIS

Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, and the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny generally circumscribe discovery in criminal cases. *See United States v. Presser*, 844 F.2d 1275, 1283–85 (6th Cir. 1988). Rule 16 requires the Government to disclose certain information to the defendant upon request, including evidence that is material to preparing the defense and evidence that the Government intends to use in its case-in-chief. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). But the Government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a). Finally, "while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Presser*, 844 F.2d at 1281.

Rule 16 does not specify a time for discovery disclosures. Generally, discovery must be disclosed in time for its effective use at trial. *Id.* at 1285. The Court's Order on Discovery and Scheduling requires that discovery under Rule 16(a)(1)(A)–(F) occur within one week of Defendant's initial appearance and places a "continuing duty [on] counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order" [Doc. 15 pp. 1 & 4].

There is no dispute that the Government made untimely disclosures required by Rule 16 [Doc. 195 p. 2 (explaining that "it inadvertently failed to timely disclose" discovery subject to Rule 16 disclosures)]. The issue, then, is the remedy for late disclosure. Rule 16 provides:

If a party fails to comply with this rule, the court may:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). It is "within the district court's discretion to provide a remedy or not order one at all." *United States v. Garrison*, 839 F. App'x 968, 980 (6th Cir. 2020) (citing Fed. R. Crim. P. 16(d)).

Defendant seeks dismissal, but dismissal is an extreme sanction used only in extraordinary situations. It should not be imposed where the Government disclosed evidence pretrial and where the materiality of the evidence was not obvious. *See United States v. Carter*, No. 1:20-cr-62, 2022 WL 1292121, at *3 (S.D. Ohio Apr. 29, 2022) (explaining that dismissal is not appropriate when these circumstances exist). Defendant also calls for exclusion, but even exclusion of evidence is "an undesirable remedy for a discovery violation [and is] reserved for cases of incurable prejudice or bad faith conduct demanding punishment by the court." *United States v. Collins*, 799 F.3d 554, 573 (6th Cir. 2015) (quoting *United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008)). Instead, the Court "should impose 'the least severe remedy available to cure prejudice' where a potential Rule 16 violation has occurred." *Id.* (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995)). In most cases, a trial continuance will cure any prejudice and allow the defense to review the evidence and prepare for it. *Carter*, 2022 WL 1292121, at *2 (citing *United States v. Marshall*, 132 F.3d 63, 70 (D.C. Cir. 1998)).

In fashioning the appropriate remedy for a discovery violation, the Court considers "(1) the reasons for the government's delay in producing the materials, including whether it acted



Case 3:23-cr-00035-TAV-JEM Document 205 Filed 09/17/26 Page 6 of 8 PageID #: 1096

intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess." *Collins*, 799 F.3d at 572–73 (quoting *Davis*, 514 F.3d at 611).

The Court finds no intentional nondisclosure or bad faith on the part of the Government, and Defendant expressly stated she does not assert any bad faith by the Government.

As for prejudice to Defendant, Defendant argues she suffers significant prejudice from the Government's late disclosures. While Defendant argued that the Government engaged in a pattern of withholding exculpatory evidence in this case, the only evidence she identified as such is location data that does not show that she traveled back-and-forth to Michigan as alleged by the Government. She also argued that the late disclosure precluded her from presenting evidence all at one time in support of pretrial motions instead of piecemeal, which she argued results in the persuasiveness of her argument being weakened by the inability to present all of her evidence in support of a pretrial motion instead of pointing out one issue in one motion and another issue in a later motion. The Government maintains that it has reviewed the material and there is nothing useful to Defendant in the late-disclosed discovery.

To the extent Defendant has suffered any prejudice, that prejudice can be cured with a less severe sanction than dismissal or exclusion, and the Court finds that neither dismissal nor exclusion is appropriate under the circumstances presented here. This case has been continued, and the time of the continuance will allow the defense to review the evidence and prepare to meet or use it. To the extent that the late disclosures are material to any previously-litigated motions, Defendant may move to reopen those motions. And to the extent that the late disclosures give rise to new pretrial motions, a reopening of the pretrial motions deadline can mitigate the prejudice to Defendant. Indeed, at the hearing, the Government agreed that there would be good cause to

reopen any litigated motions if the late-disclosed discovery is material to those motions and it stated it would not oppose Defendant's request to file a new motion based on the late-disclosed discovery. *See United States v. Partin*, No. 3:21-CR-58, 2025 WL 635866, at *9 (E.D. Tenn. Feb. 27, 2025) (overruling objection to a report and recommendation where the court refused to dismiss the indictment but instead continued the trial and reopened pretrial motion practice); *United States v. Wombold*, No. 3:16-CFR-20, 2017 WL 11435719, at *3 (E.D. Tenn. Dec. 29, 2017) (declining to suppress late-disclosed evidence where the defendant argued prejudice by "the cumulative effect" of the late disclosure but showed "no specific prejudice"). Upon questioning by the Court, defense counsel stated he would need at least one month from the hearing date to file any such motions. Accordingly, Defendant Price has until **September 30, 2026,** to file any new pretrial motions based upon the late-disclosed discovery or to file a motion to reopen any previously-litigated motions based on the late-disclosed discovery.[3]

## III. CONCLUSION

For the reasons and as explained herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Discovery Sanctions [**Doc. 188**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

[3] Litigation of any pretrial motions at this stage of the proceedings will likely require a trial continuance. Further continuance would also cure any prejudice to Defendant as a result of the late-disclosed discovery. *See United States v. Stone*, 218 F. App'x 425, 436 (6th Cir. 2007) (explaining that a defendant who refuses a trial continuance "is not in a position to fault the court for denying the motion to exclude the [disputed evidence]" (alteration in original and citation omitted)).