UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>DANIELLE L. PRICE and<br>LARRY O. WALKER, II,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:23-CR-35-TAV-JEM |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636(b) and Order of Referral [Doc. 211]. Before the Court is Defendant Larry Walker's Motion to Continue Trial and All Pretrial Deadlines and Supporting Memorandum [Doc. 206], which he filed on September 30, 2026.

Defendant Walker seeks continuance of the current trial date and requests that the Court vacate and reset all associated pretrial deadlines, including the deadline for filing motions [*Id.* at 1]. Defendant states that the Government provided additional discovery prior to the last trial date, which required a motion to continue for review [*Id.*]. He states the prior resetting of the trial did not provide sufficient time for his counsel to complete his review of the materials, consult with Defendant, investigate the information disclosed, and litigate the related pretrial issues [*Id.*]. Defendant explains that his counsel also experienced unexpected events affecting his practice and availability, which interrupted the time available for discovery review [*Id.* at 1–2].

Defendant Walker also points to his pending Motion to Dismiss the Superseding Indictment [Doc. 198] in requesting this continuance. He states that the resolution of that motion may affect the operative charging allegations and the relevance and permissible use of evidence

concerning the separate Michigan property [*Id.* at 2]. Defendant also contends that the search warrant for the Michigan property presents a separate matter requiring investigation and motion practice to include a suppression motion and a request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) [*Id.*]. Defendant also states that additional discovery motions are necessary to obtain discoverable materials bearing on those issues [*Id.*].

Defendant Walker argues that he has good cause in support of his request to reset and reopen motion deadlines as required under Federal Rules of Criminal Procedure 12(c)(2) and 45(b)(1)(A). He explains that the late production, remaining review and litigation tasks, and counsel's unexpected professional and family circumstances establish good cause for additional discovery and suppression motions [*Id.* at 3]. Defendant states that to the extent the production established an essential factual basis, he could not adequately investigate or present it under an earlier schedule [*Id.*]. Defendant therefore seeks leave to file those motions under a revised schedule, and counsel seeks sufficient time to develop a supported *Franks* proffer [*Id.*]. Defendant further argues that to the extent Rule 45(b)(1)(B) governs an expired deadline, Defendant requests that the motion is reopened based on excusable neglect arising from the combined effect of late production and counsel's unexpected events [*Id.* at 3–4].

Defendant Walker states the ends of justice support the requested continuance [*Id.* at 4]. He requests a continuance finding that the ends of justice served outweigh the interests of Defendant and the public in a speedy trial and requests to exclude the resulting period under 18 U.S.C. § 3161(h)(7)(A).

Defendant Price filed a Response to Motion to Continue Filed by Co-Defendant Larry Walker [Doc. 214]. She states that she does not contest Defendant Walker's motion [*Id.* at 1]. Defendant Price understands her right to a speedy trial and that the period of time between the

filing of Defendant Walker's Motion to Continue and the new trial date will be fully excludable for speedy trial purposes [*Id.*].

The Government filed a Notice of No Objection to Defendants' Motions to Continue Trial [Doc. 215]. It does not oppose a continuance and agrees that the ends of justice are best served by continuing the case [*Id.* at 1]. The Government also filed the United States Response to Defendants' Motion to Extend Motions Deadline [Doc. 217]. In that filing, it explained that the Government does not oppose an extension to the motion deadline to the extent that any new motions are related solely to the late-provided discovery and issues not previously litigated and decided by the Court [*Id.* at 1]. Additionally, the Government does not oppose an extension of the motion *in limine* deadline, the plea agreement deadline, or all motions related to the trial schedule [*Id.* at 1–2].

Based upon the information in Defendant Walker's motion and because Co-Defendant Price and the Government do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant Walker's counsel needs additional time to review recently produced discovery, determine whether additional motions are necessary, await the Court's order on his pending motion to dismiss, and, if necessary, prepare for trial. The Court finds that this cannot occur before the November 17, 2026, trial date.

The Court also finds good cause to briefly reopen the pretrial motions deadline for Defendant Walker.[1] Defendant Walker may file any pretrial motions related solely to the late-provided discovery and issues that have not previously been litigated and decided by the Court. Any pretrial motions **SHALL** be filed on or before **December 1, 2026**.

The Court therefore **GRANTS** Defendant Walker's Motion to Continue Trial and All Pretrial Deadlines and Supporting Memorandum [**Doc. 206**]. The trial date is reset to **April 6, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of Defendant Walker's motion on September 30, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Walker's Motion to Continue Trial and All Pretrial Deadlines and Supporting Memorandum [**Doc. 206**] is **GRANTED**;

(2) the trial date is reset to commence on **April 6, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 30, 2026**, and the new trial date of **April 6, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the pretrial motion period for Defendant Walker is reopened, and the deadline for filing pretrial motions related to the late-provided discovery and issues that have not previously been litigated and decided by the Court is **December 1, 2026**, and responses are due **December 15, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 5, 2027**;

---

[1] Defendant Price's pretrial motion deadline was reopened in the Court's Order adjudicating her motion for discovery sanctions [Doc. 205]. The Court does not reopen her pretrial motion deadline with this Order.

(6) the deadline for filing motions *in limine* is **March 22, 2027**, and responses to motions *in limine* are due on or before **March 30, 2027**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 26, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge